TINKLER v. RICHTER.

1. TRIAL—INSTRUCTIONS—REQUEST TO CHARGE.
   It is the duty of the court to instruct the jury on the material issues of the case and give the proper law in regard thereto whether requested or not.

2. ASSAULT AND BATTERY—DEFINITION OF ASSAULT.
   An assault is any intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented.

3. SAME—DEFINITION OF BATTERY.
   A battery, or assault and battery, is the wilful touching of the person of another by the aggressor or by some substance put in motion by him; or the consummation of the assault.

4. SAME—THREATS.

Threats are insufficient to constitute an assault as there must be proof of violence actually offered within such a distance as that harm might ensue if the party was not prevented.

5. SAME—EXCUSE—JUSTIFICATION.

An assault may be entirely lawful, as either excusable or justifiable.

6. TRIAL—INSTRUCTIONS CONSIDERED IN ENTIRETY.

Instructions given a jury must be considered in their entirety.

7. ASSAULT AND BATTERY—INSTRUCTIONS.

In action for damages for assault and battery, trial court's definition of battery as requiring a beating, wounding and bruising, although possibly misleading while standing alone, *held*, not to have misled jury when instructions as a whole, including one that defendant might show legal justification for his act, are considered.

8. TRIAL—PREPONDERANCE OF THE EVIDENCE—REPETITIOUS INSTRUCTIONS.

Seven references by the trial court to the fact that plaintiff must prove his case by a preponderance of the evidence *held*, harmless, in view of the fact that in every civil action it is the subject of instruction and apparently well understood by jurors.

9. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—ASSAULT AND BATTERY.

In action for damages for assault and battery, brought by 87-year-old plaintiff against 60-year-old brother-in-law, arising from dispute as to whether or not plaintiff's dog could enjoy a bone on a davenport in the living room, record *held*, not to sustain a reversal of verdict and judgment for defendant on ground that the verdict was against the great weight of the evidence where plaintiff and defendant were the only witnesses as Supreme Court is unable to say whose version of the case is correct.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 11, 1940. (Docket No. 47, Calendar No. 41,235.) Decided December 10, 1940.

Case by William H. Tinkler against Frank W. Richter for damages for assault and battery. Ver-

dict and judgment for defendant. Plaintiff appeals. Affirmed.

*Laurence D. Smith*, for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal*, for defendant.

Sharpe, J. This is an action for damages for an alleged assault and battery. On August 8, 1939, the defendant, plaintiff's brother-in-law, was residing with plaintiff at the latter's home in Grand Rapids. At that time plaintiff was 87 years old and defendant about 60 years old. The kitchen of plaintiff's house adjoins the living room. A door connects the two rooms and a davenport rests against the west wall of the living room facing the kitchen door. On the day in question, plaintiff's dog took a bone and, true to his natural instincts, selected the davenport as a place where he could enjoy the delicacy that had been given him. At this juncture in the stirring events about to be related, the principal actors are not in accord as to what actually took place.

Plaintiff relates that at the time, he was in the kitchen washing dishes; that he heard the dog let out a "yelp" and then the dog came into the kitchen followed by the defendant who told plaintiff to "get that d— dog out of here," and plaintiff by way of reply said, "get yourself out of here and stay out;" that when the statement was made ordering defendant out of the house, plaintiff was struck by defendant and knocked into the table; that he fell to the floor and lay there a few minutes and then went into the living room and lay on the davenport for an hour before he felt better; and that as a result of this assault on the part of defendant, he (plaintiff) suffered considerable pain in his back, cannot hoe or sweep as he had previously, cannot sleep on his left

side, and now has a nerve injury caused by the breaking off of certain interosseous bridgings.

Defendant relates that plaintiff's wife is defendant's sister and that she is totally blind, thus explaining why the two principals were doing the housework; that on the morning in question defendant had cleaned the house and washed the dishes and plaintiff went out and got some groceries; that when plaintiff came back he had a bone which he threw on the floor; that defendant went to the kitchen and said, "Tinkler, don't leave the dog eat the bone on the floor, * * * why not leave him eat it on the grass," and took the bone from the dog and started for the door; that plaintiff took the bone from defendant and gave it to the dog, who proceeded to eat it on the davenport; that defendant again took the bone away from the dog and plaintiff took the bone from defendant and threw it down and took defendant by the shoulder and said, "D— you, I am running this place;" that defendant shoved plaintiff away from him, but did not strike him; that four days following the events above related and while plaintiff was outdoors, walking up and down his driveway, he was beset upon by a person unknown, but who tried to rob him of his pocketbook, resulting in plaintiff being thrown to the ground; and that any injuries plaintiff may be now suffering arise from the assault of the robber or diseases incidental to old age.

Plaintiff brought suit in the superior court of Grand Rapids. The cause was tried and the jury brought in a verdict of no cause of action. Plaintiff appeals and contends that the trial court was in error in giving the following instruction:

"Now this case, ladies and gentlemen, grows out of an alleged assault: And I may say to you that an assault involves every offer or attempt with force and violence to do a corporeal hurt or injury to

another, and having the present ability to carry it into effect; and an assault and battery occurs when one person, without excuse or justification and intentionally beats, wounds and bruises the person of another; and that is what the plaintiff claims in this case, that he was assaulted and that he was beaten, that he was bruised; that the defendant intentionally assaulted him with force and violence and inflicted injury."

It is urged that the use of the words "beat," "wound" and "bruise" are not essential elements of a battery and that the following instruction: "He (plaintiff) may only recover when in your judgment the evidence upon each essential element of the case that it is necessary for him to establish weighs or preponderates in his favor," further instructed the jury that a recovery could be had only when the three elements were present.

It is urged by the defendant that the trial court correctly stated the law to the jury in the instruction first quoted above and the following instructions:

"Now I may say to you if a man voluntarily enters into a fight for the sake of fighting and not in self-defense, in that case if he receives injuries he cannot recover for those injuries, unless it should appear that the person whom he seeks to recover damages from beat him excessively or unreasonably. On the other hand, any person who receives an intentional physical injury at the hands of another is entitled to recover his damages from the person inflicting the injuries, except in such cases where the defendant can show a legal justification for his act. * * *

"Before a person can recover damages in an action in which it is alleged that the injury grew out of the battery and an assault, there must be proved the doing of an intentional act, or the doing of an

intentional wrong; and when that is proved by a preponderance of the evidence and only then, may the plaintiff recover. And if that is proved to your satisfaction by a preponderance of the evidence, then those damages would consist of mental pain and suffering, physical pain and suffering, consisting in sense of insult or humiliation, injury to feelings as well as the physical injuries that a person may have sustained. * * *

"On the other hand, unless you are satisfied by a preponderance of the evidence that this defendant did wilfully and intentionally strike this plaintiff, forcing him to fall and receive injury, you would not find for the plaintiff and he would not be entitled to recover. If the plaintiff did take hold of the defendant by the shoulders and if the defendant took hold of him and pushed him away from him and did not use any more force than was necessary to accomplish that, if he did not use any unreasonable force to accomplish that, he would not be liable so far as this case is concerned to respond in damages to plaintiff."

It is the duty of the court to instruct the jury on the material issues of the case and give the proper law in regard thereto whether requested or not. See *Daigle* v. *Berkowitz,* 273 Mich. 140.

In 6 C. J. S. p. 796, § 1, it is said:

"An assault may be defined as any intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented. * * * *

"A battery, or assault and battery, is the wilful touching of the person of another by the aggressor or by some substance put in motion by him; or, as it is sometimes expressed, a battery is the consummation of the assault."

In *People* v. *Lilley*, 43 Mich. 521, 525, we said:

"An assault is defined to be an inchoate violence to the person of another, with the present means of carrying the intent into effect. Threats are not sufficient; there must be proof of violence actually offered, and this within such a distance as that harm might ensue if the party was not prevented."

In *Drew* v. *Comstock*, 57 Mich. 176, 181, we said:

"An assault may be entirely lawful, as either excusable or justifiable, and it involves every 'attempt or offer, with force and violence, to do a corporal hurt to another.'"

The trial court also instructed the jury as follows:

"On the other hand, any person who receives an intentional physical injury at the hands of another is entitled to recover his damages from the person inflicting the injuries, except in such cases where the defendant can show a legal justification for his act."

Citation of authority is unnecessary to establish the principle that the instructions given the jury must be considered in their entirety. The definition of a battery given by the trial court, standing alone, might be misleading, but, in our opinion, the language used in other instructions informed the jury that there could be a recovery without the jury finding a beating, wounding and bruising. We cannot say that the jury was misled when we consider the instructions as a whole.

In the charge to the jury the trial court referred seven times to the requirement that plaintiff must prove his case by a preponderance of evidence. Plaintiff urges that this was prejudicial error.

In *Cook* v. *Vineyard*, 291 Mich. 375, 383, the trial court made seven references to the fact that plain-

tiff must prove his case by a preponderance of the evidence. We there said:

"The charge to the jury is a long one, occupying 21 pages of the printed record. As was said in *Hanna* v. *McClave,* 273 Mich. 571, where the instructions were 20 pages in length, 'It is difficult so to extend instructions without needless repetition and danger of faulty reiteration. Flaws, however, unless of serious moment, may be passed as innocuous effusions.' "

In our opinion the repetition on the subject of preponderance of evidence was harmless, especially in view of the fact that in every civil action it is the subject of instruction and apparently well understood by jurors.

It is next urged that the verdict of the jury was against the great weight of the evidence. We have in mind that plaintiff and defendant were the only witnesses who knew the actual facts concerning the altercation. We are not able to say whose version is correct. Therefore, the record would not sustain a reversal on this phase of the case.

We have gone over the record carefully as well as the different claims of error assigned by plaintiff and are constrained to hold that there is no reversible error in the case.

The judgment is affirmed, with costs to defendant.

BUSHNELL, C. J., and BOYLES, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.