GRAY v MORLEY (AFTER REMAND)

Docket No. 111205. Argued April 6, 1999 (Calendar No. 6). Decided July 27, 1999. Rehearing denied 461 Mich 1205.

Scott Gray brought an action in the Kalamazoo Circuit Court against Kevin C. Morley, his employer, alleging that Mr. Morley had committed an intentional tort by driving erratically with the purpose of injuring him. The court, J. Richardson Johnson, J., granted summary disposition under MCR 2.116(C)(10) for the defendant, holding that the plaintiff's exclusive remedy was under MCL 418.131(1); MSA 17.237(131)(1) of the worker's compensation act. The Court of Appeals, GRIFFIN, P.J., and JANSEN and CORRIGAN, JJ., affirmed in an unpublished order (Docket No. 175150). The Supreme Court remanded for reconsideration in light of *Travis v Dreis & Krump Mfg Co*, 453 Mich 149 (1996). On remand, the Court of Appeals, CAVANAGH, P.J., and D. E. HOLBROOK, JR., and JANSEN, JJ., again affirmed in an unpublished memorandum opinion (Docket No. 201784). The plaintiff appeals.

In an opinion by Justice BRICKLEY, joined by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, and YOUNG, the Supreme Court *held*:

Under MCL 418.131(1); MSA 17.237(131)(1), the plaintiff's allegations are insufficient to constitute an intentional tort within the meaning of the worker's compensation act. *Travis* made clear that § 131(1) requires a plaintiff to present direct evidence that an employer specifically intended an injury, or, in lieu of such evidence, sufficient proof that the employer had actual knowledge that injury was certain to occur.

Affirmed.

Justice KELLY, joined by Justice CAVANAGH, dissenting, stated that the plaintiff's allegations constitute an intentional tort as a matter of law, falling under the exception to the exclusive remedy provision of the Worker's Disability Compensation Act. Because genuine issues of material fact exist concerning the defendant's intent at the time he allegedly swerved his pickup truck, the judgment of the Court of Appeals should be reversed and the case remanded for trial.

> For an intentional tort to exist, the worker's disability statute requires a finding that a defendant employer intended to commit or inflict an injury. The injury protected under the tort of assault is the apprehension of an immediate battery. Assuming plaintiff's allegations to be factual, he suffered an injury in the form of the apprehension inflicted by the defendant. His allegations, as a matter of law, are sufficient to show a prima facie case of the intentional tort of assault. Because there are material issues of fact regarding the defendant's intent, resolution of the credibility dispute should be made only by the trier of fact.

*Garold A. Goidosik* for plaintiff-appellant.

*James, Dark & Brill* (by *David M. Dark* and *Brett A. Howell*) for defendant-appellee.

### AFTER REMAND

BRICKLEY, J. The question presented is whether the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1), precludes plaintiff from maintaining a cause of action against defendant employer arising out of injuries suffered by plaintiff on the job. We find that plaintiff has not presented the requisite proof that defendant specifically intended to injure plaintiff, and affirm the trial court's grant of summary disposition in favor of defendant.

I

Plaintiff Scott Gray began working for defendant Kevin Charles Morley, a sole proprietor in the concrete business, in the summer of 1991. On the morning of July 15, 1991, Morley picked up plaintiff for work. Plaintiff, Morley, and two other employees worked through the morning, and then adjourned to a local tavern for lunch, where they consumed approxi-

mately four pitchers of beer. Plaintiff testified that Morley was angry when they returned to the job site and left "cussing and bitching." Plaintiff and another employee, Rex Carter, completed their work and waited.

When Morley returned, Carter got in the front and plaintiff jumped in the back open bed of Morley's truck. A short time later, plaintiff was thrown from the bed of the truck to the pavement; the impact caused plaintiff to suffer a basilar skull fracture and closed head injuries.

Plaintiff filed the instant suit in Kalamazoo Circuit Court, alleging, inter alia, that defendant Morley committed an intentional tort by driving erratically with the purpose of injuring plaintiff. Plaintiff stated in his deposition that he did not recall anything unusual about Morley's driving in the moments preceding his injury, other than hearing the squeal of tires and a "sudden jerk." Plaintiff stated that he had previously ridden in the back of Morley's truck between six to eight times, and that on most of those occasions, Morley engaged in erratic driving, "swerving around and hitting the brakes and stuff like that, [and would] watch us roll around in the back of the truck, stuff like that." According to plaintiff, this conduct did not occur "every time, but the majority of the time. It was like fun for him, a game or something." At one point, plaintiff told Morley that he did not like being thrown around in the back of the truck. Plaintiff could not recall exactly when he said this, and conceded that he was not injured during the previous episodes.

Although one witness asserted that she saw two children and a dog in the street moments before plaintiff's injury, Morley denies seeing any children or

dogs. Morley claimed that he was driving no more than "[f]our to six miles an hour," but a Kalamazoo Public Safety laboratory technician testified about yaw marks twenty feet long and suggested that the pickup was traveling between twenty-five and thirty miles an hour.[1]

Morley moved for summary disposition under MCR 2.116(C)(10), contending that plaintiff's exclusive remedy was under the WDCA, MCL 418.131(1); MSA 17.237(131)(1). Following discovery, the trial court granted defendant's motion, and the Court of Appeals affirmed in a peremptory order. We remanded for reconsideration in light of our decision in *Travis v Dreis & Krump Mfg Co*, 453 Mich 149; 551 NW2d 132 (1996). On remand, the Court of Appeals again affirmed the summary disposition in an unpublished memorandum opinion. We granted leave to appeal and now affirm.

II

As presented by plaintiff, the conduct of defendant Morley that is at issue in this case was indefensible. However, worker's compensation is the exclusive remedy for all on-the-job injuries, except for injuries intentionally inflicted by the employer:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The

---

[1] Although Morley stated that he left the scene to summon an ambulance, his account differs from police reports. Police dispatched to the scene said Morley and another individual drove by the scene later, and an officer had to activate his overhead lights before Morley's vehicle stopped. Morley, whose blood alcohol level was 0.168 percent two hours after the incident, was ultimately convicted of OUIL.

only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law. [MCL 418.131(1); MSA 17.237(131)(1).][2]

The foregoing makes clear that intentional conduct by the employer is the requisite standard triggering the exception to the exclusivity provision. In *Travis, supra,* this Court addressed the statutory standard for determining whether an employee's injury was intentional for the purposes of escaping the exclusive remedy provided under the WDCA. There, we rejected plaintiff's argument that the Restatement's "substantial certainty" test should control, instead holding that the express language of § 131(1), along with the underlying purposes of the WDCA, require that the employee show a specific intent to injure on the part of the employer. *Id.* at 172. We also held that conclusory statements by experts are insufficient to allege certainty of injury, and that the laws of probability (i.e., setting forth the odds that something will occur) play no part in determining the certainty

___

[2] Through 1987 PA 28, the Legislature amended the exclusive remedy provision of the WDCA, so as to specifically provide for an intentional tort exception. In doing so, it rejected the "substantially certain" test previously announced by this Court in *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986), and adopted the more rigorous "true intentional tort" standard as the proper test for determining the presence of an intentional tort. See, e.g., 6 Larson, Workers' Compensation Law, § 68.15(e) at 13-110 (observing "[t]he Michigan Legislature reacted to *Beauchamp* with impressive swiftness").

of injury. *Id.* at 174. Finally, we concluded that the issue whether the facts alleged by plaintiff are sufficient to constitute an intentional tort is a question of law for the trial court, while the issue whether the facts are as plaintiff alleges is a jury question. *Id.* at 188.[3]

In contending that defendant Morley committed an intentional tort by engaging in assaultive behavior, plaintiff principally relies on his testimony that Morley previously drove in an erratic manner for the purpose of scaring plaintiff. Although he concedes that he suffered no injuries from Morley's prior misconduct, plaintiff maintains that such behavior furnishes ample proof that Morley's driving on June 15 was "absolutely certain" to result in injury.[4] Plaintiff also directs our attention to defense counsel's concession before the trial court that Morley's swerving constituted a "deliberate" act; plaintiff asserts that such an admission conclusively demonstrates that Morley drove with an intent to scare and to cause plaintiff to be thrown about the bed of the truck. In light of their

[3] Although our decision in *Travis* generated separate opinions, a majority of the Court agreed that the Legislature intended that actions falling within the intentional tort exception encompassed only those in which an employer acts with a specific purpose to injure an employee. *Id.* at 191-192.

The dissenting opinion misapprehends the express directive contained in § 131(1): it is the trial court, and not the factfinder, who makes the threshold determination about the existence of an intentional tort. Given plaintiff's failure to provide sufficient evidence of defendant's specific intent *on the date in question*, there is no role to be fulfilled by the factfinder.

[4] Morley does not dispute that an assault is a true intentional tort which would satisfy the intentional tort exception; rather, he asserts that no assault was committed, and emphasizes that driving erratically does not, on its own, establish an intentional tort within the meaning of subsection 131(1).

conclusory nature, we reject both propositions raised by plaintiff.

Accepting the facts as pleaded by plaintiff as true, we find that this case does not come within the intentional tort exception to worker's compensation as a matter of law. Plaintiff has not brought to our attention any evidence that Morley "specifically intended" to injure plaintiff, nor has he demonstrated that Morley had "actual knowledge that an injury was certain to occur." MCL 418.131(1); MSA 17.237(131)(1).

Although plaintiff's allegations suggest conduct on the part of defendant that was reckless or deliberately indifferent, such allegations sound in gross negligence and are therefore insufficient to constitute an intentional tort within the meaning of the WDCA. While we do find the defendant's conduct, as alleged by plaintiff, to be reprehensible, § 131(1) expressly recognizes a distinct difference between gross or criminal negligence and an actual intent to injure.[5] As our

---

[5] Such a distinction is also recognized by § 21 of the Restatement of Torts, 2d, which is relied on by the dissenting opinion as support for its position that plaintiff has alleged facts sufficient to satisfy the tort of assault. Specifically, § 21 provides in its entirety:

(1) An actor is subject to liability to another for assault if

(a) he *acts intending to cause a harmful or offensive contact* with the person of the other or a third person, or an imminent apprehension of such a contact, and

(b) *the other is thereby put in such imminent apprehension.*

(2) An action which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for an apprehension caused thereby *although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.* [1 Restatement Torts, 2d, § 21, p 37 (emphasis supplied).]

In this case, even assuming that plaintiff has sufficiently *alleged* an injury consisting of the apprehension of a harmful or offensive contact, plaintiff's allegation that Morley had previously swerved the truck deliber-

decision in *Travis* made clear, § 131(1) requires that plaintiff present evidence that the employer specifically intended an injury, or, in lieu of such evidence, sufficient proof that the employer had *actual* knowledge that injury was *certain* to occur.

For the foregoing reasons, we affirm the judgments of the trial court and the Court of Appeals.

WEAVER, C.J., and TAYLOR, CORRIGAN, and YOUNG, JJ., concurred with BRICKLEY, J.

KELLY, J. *(dissenting)*. I disagree with the majority's conclusion that the plaintiff failed to allege that the defendant intended an injury. I would hold that plaintiff's allegations constitute an intentional tort as a matter of law, falling under the exception to the exclusive remedy provision of the Worker's Disability Compensation Act. MCL 418.131(1); MSA 17.237(131)(1). The injury under the tort is the apprehension of an immediate battery. This injury satisfies the requirements of the act. I would reverse the judgment of the Court of Appeals and remand the case for trial. Genuine issues of material fact exist concerning defendant's intent at the time he allegedly swerved his pickup truck.

The intentional tort exception to the exclusive remedy provision states:

---

ately so as to watch plaintiff "roll around" establishes nothing more than that such apprehension was caused by an act that involved an unreasonable risk of causing such apprehension and was therefore negligent or reckless. In other words, contrary to the dissent's position, plaintiff has presented no evidence that any apprehension suffered by him was caused by an act carried out by Morley with the intent to cause such apprehension.

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. *An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.* The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law. [MCL 418.131(1); MSA 17.237(131)(1) (emphasis added).]

In *Travis v Dreis & Krump Mfg Co*,[1] this Court held that the statutory phrase "specifically intended an injury" means that "the employer must have had in mind a purpose to bring about given consequences." *Id.* at 171. "[I]n other words, [the employer] must have had the particular purpose of inflicting an injury upon his employee." *Id.* at 172.

Both the defendant and the majority agree that an assault is a true intentional tort, satisfying the intentional tort exception. For purposes of this review, we take as true plaintiff's allegations that the defendant drove "deliberately" in an erratic manner for the purpose of scaring the plaintiff. *Ghrist v Chrysler Corp*, 451 Mich 242; 547 NW2d 272 (1996). However, the majority holds that the defendant's alleged conduct rises only to the level of gross negligence or recklessness, not to the level of an intentional tort.

Plaintiff claims that the defendant intentionally swerved the truck as he drove it to scare the plaintiff

---

[1] 453 Mich 149; 551 NW2d 132 (1996).

and to watch him "roll around" in the back. If so, the defendant did in fact intend to commit *an* injury. That injury is the tort of assault.

Liability for assault attaches if the actor intends to commit a battery or the actor intends to put the victim in fear or apprehension of an immediate battery. *Tinkler v Richter*, 295 Mich 396; 295 NW 201 (1940). Under 1 Restatement Torts, 2d, § 21, p 37, the protected interest under the tort of assault is freedom from the apprehension of a harmful or offensive contact. This interest alone is protected, even if there is no contact with the plaintiff's person. The law affords protection against purely emotional disturbances; it is not necessary that the plaintiff be put in fear. *Id.*[2]

According to plaintiff's allegations in this case, the defendant had driven erratically on earlier occasions for the purpose of watching plaintiff "roll around in the back of the truck." Plaintiff had told defendant that he "didn't like being thrown around in the back of the truck." On the day in question, plaintiff was thrown from the back of the truck after the defendant made "[a] sudden jerk." The defendant's attorney admitted during the hearing on the motion for summary disposition that it would "be foolish to argue that this was not a deliberate act by Mr. Morley."

I submit that plaintiff alleged facts sufficient to show, at least, that he had been assaulted.[3] Defendant may have been only behaving playfully, not intending

---

[2] "There is 'a touching of the mind, if not of the body.'" Prosser & Keeton, Torts (5th ed), § 10, p 43.

[3] Plaintiff may well have a case for battery. Under the transferred intent doctrine, an actor is liable for battery if a contact results from the intentional tort of assault. Prosser & Keeton, n 2 *supra*, § 8, p 38.

to cause physical injury.[4] However, his alleged erratic driving with the intent to watch the plaintiff "roll around" in a moving truck bed constitutes the intentional tort of assault.[5] The jury could infer from the evidence presented that the defendant's sole purpose was to cause plaintiff fear.[6] According to plaintiff, defendant had laughed at him in the past when he lost his balance because of the swerving. Defendant thought it was funny, "like it was a game." The defendant's prior alleged actions could certainly shed light on his intent when he allegedly swerved the truck. See MRE 404(b)(1).

To summarize the analysis, for an intentional tort to exist, the worker's disability statute requires a finding that the defendant employer intended to commit or inflict an injury. The injury protected under the tort of assault is the apprehension of an immediate battery. Assuming plaintiff's allegations to be factual, the defendant drove the truck in a manner to cause the plaintiff apprehension of an immediate battery (assault). Accordingly, the plaintiff suffered an injury

---

[4] Even so, liability for an intentional tort may still attach.

The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm. Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. The defendant may be liable although intending nothing more than a good-natured practical joke, or honestly believing that the act would not injure the plaintiff, or even though seeking the plaintiff's own good. [Prosser & Keeton, n 2 *supra*, § 8, pp 36-37.]

[5] "[T]he intent need not necessarily be to inflict physical injury, and it is enough that there is an intent to arouse apprehension." Prosser & Keeton, n 2 *supra*, § 10, p 46.

[6] The tort of assault would be completed when the plaintiff experienced the apprehension of being thrown onto the truck bed or the road itself.

in the form of the apprehension inflicted by the defendant.

The statute states that the "issue of whether an act was an intentional tort shall be a question of law for the court." MCL 418.131(1); MSA 17.237(131)(1). The plaintiff's allegations, as a matter of law, are sufficient to show a prima facie case of the intentional tort of assault. However, there are material issues of fact regarding the defendant's intent. The defendant asserts that he did not make erratic maneuvers. If this is true, then the defendant could not have formed the requisite intent to be liable for an intentional tort. Resolution of this credibility dispute should be made only by the trier of fact. *McFadden v Tate*, 350 Mich 84; 85 NW2d 181 (1957).

Accordingly, I would hold that the Court of Appeals erred when it held that "[t]here was simply no evidence that defendant specifically intended to injure plaintiff or that defendant had 'actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.'" Consequently, I would reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings.

CAVANAGH, J., concurred with KELLY, J.