Clement, J. (concurring in part and dissenting in part).
The majority opinion concludes that MCL 418.171(4) of the Worker's Disability *598 Compensation Act (WDCA), MCL 418.101 et seq ., provides a civil remedy only to an employee of a contractor engaged to a principal and that, accordingly, plaintiff has no cause of action under MCL 418.171. Because I disagree with the majority's interpretation and application of MCL 418.171(4), I dissent. However, I concur with respect to the majority's decision to deny leave to appeal regarding the intentional-tort issue.
As the majority opinion sets forth, under the WDCA, employees are entitled to recover damages from their employer in a civil action when they are injured in the course of employment if the employer has violated MCL 418.171. MCL 418.641(2).[1] MCL 418.171 provides as follows:
**303 (1) If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. ...
(2) If the principal is liable to pay compensation under this section, he or she shall be entitled to be indemnified by the contractor or subcontractor. ...
(3) This section shall apply to a principal and contractor only if the contractor engages persons to work other than persons who would not be considered employees under section 161(1)(d).
(4) Principals willfully acting to circumvent the provisions of this section or section 611 by using coercion, intimidation, deceit, or other means to encourage persons who would otherwise be considered employees within the meaning of this act to pose as contractors for the purpose of evading this section or the requirements of section 611 shall be liable subject to the provisions of section 641....
**304 Accordingly, MCL 418.171(1) creates civil liability on the part of a principal employer who hires contractors that have their own employees but lack workers' compensation insurance. MCL 418.171(2) entitles the principal employer to be indemnified by the contractor for the employer's liability under MCL 418.171(1). Next, MCL 418.171(3) provides that the principal employer is only liable under MCL 418.171 if the contractor engages persons considered employees under the WDCA.[2]
*599 The crux of this appeal is whether MCL 418.171(4), which exposes an employer to tort liability if the employer encourages would-be employees "to pose as contractors for the purpose of evading this section or the requirements of section 611," applies to a situation in which there is only an employer and an employee (i.e., a situation without an intervening contractor).[3]
**305 This subsection of the WDCA is designed to prevent employers from misclassifying employees as contractors for the purpose of avoiding WDCA requirements. Such avoidance would lower the workers' compensation costs for an employer but expose its employees to risk. It also would inhibit the ability of the WDCA to provide comprehensive coverage to all applicable recipients because the WDCA, like most other insurance schemes, relies on risk pooling to finance liability. For the reasons set forth in this opinion, I would affirm the Court of Appeals' ruling that this statute applies outside the tripartite relationship of principal-contractor-employee and that plaintiff has raised a genuine issue of material fact as to whether he is entitled to compensation under MCL 418.171(4).
MCL 418.171(4) refers to "[p]rincipals," who are defined in MCL 418.171(1) as "any employer subject to the provisions of this act." The majority opinion instead asserts that MCL 418.171(1) defines a "principal" as "an employer who contracts with a contractor that does not have adequate workers' compensation coverage for its employees." I disagree. The portion of the subsection following the clause "[i]f any employer subject to the provisions of this act, in this section referred to as the principal," only sets the conditions under which a principal is liable under MCL 418.171(1) ; it does not further define a principal. The subsection states that "[i]f any employer subject to the provisions of this act, in this section referred to as the principal," contracts with another person under certain conditions, the principal is liable. The definition of "principal" espoused by the majority is belied by the subsection's use of the conditional conjunction "if." If a principal were "an employer who contracts with a contractor that does not have adequate workers' compensation coverage for its employees," there would be **306 no need for the subsection to begin with the word "if," because a principal would only be considered a principal upon fulfillment of those conditions. The use of the conditional conjunction "if" implies that there can be a principal for whom these conditions-contracting with a contractor without adequate workers' compensation-are not met. Accordingly, the plain language of the statute supports an interpretation *600 of a "principal" as any employer subject to the WDCA. See Lash v. Traverse City , 479 Mich. 180, 187, 735 N.W.2d 628 (2007). And here, defendant fits the definition.
MCL 418.171(4) also refers to "employees within the meaning of this act" rather than to persons engaged to work by a contractor. Therefore, neither this reference nor the reference to a principal requires a tripartite relationship for the imposition of liability under MCL 418.171(4).
The reference to MCL 418.611 in MCL 418.171(4) also supports the interpretation that MCL 418.171(4) can be applied outside the tripartite relationship. If MCL 418.171(4) applied only to tripartite relationships, there would be no reason for that subsection to penalize the attempt to avoid the requirements of MCL 418.611 in addition to its penalization of the attempt to avoid the requirements of MCL 418.171. Again, MCL 418.611 requires an employer to secure the payment of compensation, and MCL 418.171 requires a principal employer to compensate its contractor's employees if that contractor is not covered by the WDCA or fails to comply with the WDCA. If the remedy in MCL 418.171(4) is conditioned on a tripartite relationship, a principal acting to circumvent MCL 418.611 would always also be acting to circumvent MCL 418.171 because the principal would be seeking to avoid providing compensation to its contractor's employees under **307 that section. This would render the reference in MCL 418.171(4) to MCL 418.611 superfluous, an interpretation we should not endorse. See State Farm Fire & Cas. Co. v. Old Republic Ins. Co. , 466 Mich. 142, 146, 644 N.W.2d 715 (2002) ("Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.").
The consequences of the majority opinion's conclusion also demonstrate that MCL 418.171(4) should not be construed so narrowly. As stated, MCL 418.171(4) imposes liability on a principal who encourages an employee to pose as a contractor for the purposes of evading the requirements of MCL 418.171 or MCL 418.611. If a tripartite relationship is a necessary requirement to liability, as the majority opinion holds, then MCL 418.171(4) only imposes liability when a principal encourages a contractor's employee to become a contractor for unlawful purposes. There is no rational reason to limit the liability of a principal seeking to manipulate the WDCA by encouraging would-be employees to pose as contractors to situations in which the would-be employee works for the principal's contractor rather than the principal itself.[4] Interpreting these provisions in that manner leaves the would-be employee of a contractor with greater protection than the employee of an employer.[5] And, considering that a **308 frequent result of becoming *601 a contractor is hiring employees, this interpretation creates the very same situation MCL 418.171 seeks to avoid. See McCaul v. Modern Tile & Carpet, Inc. , 248 Mich. App. 610, 620, 640 N.W.2d 589 (2001) ("Section 171 was intended to protect employees of contractors and subcontractors who failed to procure adequate worker's compensation insurance."). Moreover, the principal's incentive to avoid the cost of workers' compensation insurance is present whether the principal is trying to avoid the associated insurance costs of its own employees or that of its contractor's employees, as charged to the principal through the contractor's prices.
Of course, the majority opinion is correct that this Court does not construe subsections of statutes in isolation and that the remainder of MCL 418.171 must be considered in our interpretive analysis. See Breighner v. Mich. High Sch. Athletic Ass'n, Inc. , 471 Mich. 217, 232, 683 N.W.2d 639 (2004). In support of its interpretation of the statute, the majority relies on MCL 418.171(3), which states, "This section shall apply to a principal and contractor only if the contractor engages persons to work other than persons who would not be considered employees under section 161(1)(d)." From this text, the majority concludes that an injured employee can only seek the remedy provided by MCL 418.171(4) if the requirements of MCL 418.171(3) are met. However, MCL 418.171(3) does not state that "[t]his section shall only apply where a contractor engages persons to work," but instead clarifies when the section applies "to a principal and contractor." As **309 noted, MCL 418.171(4) does not require the existence of a contractor; it only requires a principal who encourages a person to become a contractor-whether successfully or not-for the purpose of evading the WDCA's requirements. Accordingly, MCL 418.171(3) does not limit the application of all matters arising under MCL 418.171.[6] It instead appears to provide an exception to MCL 418.171(1) wherein a principal is not required to provide compensation to its contractor's workers if those persons would not be considered an employee under the WDCA. This is further supported by the placement of MCL 418.171(3) following Subsections (1) and (2). Had the Legislature intended MCL 418.171(3) to limit the applicability of each subsection to tripartite relationships, surely it would have used clearer language and placed a subsection regulating the entirety of the section at the beginning or end of the statute. See Scalia & Garner, Reading Law: The Interpretation of Legal Texts (St. Paul: Thomson/West 2012), p. 167 ("Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts.") (emphasis added).
Similarly, MCL 418.171(2) also does not support the conclusion that MCL 418.171(4) is applicable only in a tripartite relationship. MCL 418.171(2) provides that "[i]f the principal is liable to pay compensation under this section, he or she shall be entitled to be indemnified by the contractor or subcontractor." The majority **310 opinion asserts that this subsection "emphasizes that the statutory-employer provision pertains to a contractor relationship." It does not. A principal is liable to pay workers' compensation under MCL 418.171 only under the terms of *602 MCL 418.171(1).[7] Therefore, the majority is correct that MCL 418.171(2) allows the principal to be reimbursed for payments made for a loss suffered on behalf of the contractor's employees. And we do not dispute that indemnification under MCL 418.171(2) requires the existence of a tripartite relationship. However, the majority is incorrect that this indemnity provision is contrary to an interpretation of MCL 418.171(4) that allows for civil liability outside the tripartite relationship. MCL 418.171(2) does not restrict or otherwise inform a principal's civil liability for attempting to escape the requirements of the WDCA as provided in MCL 418.171(4) ; it only provides the opportunity for indemnification if the conditions of MCL 418.171(1) are met and require the principal to pay workers' compensation benefits to a contractor's employees. Accordingly, the language of MCL 418.171(2) does not support the majority's assertion that MCL 418.171(4) applies only to tripartite relationships.
For these reasons, I would hold that MCL 418.171(4) applies to situations wherein there is no tripartite relationship because nothing in the plain language of the statute requires such a relationship. And because MCL 418.171(4) is applicable to the case at bar, I would also affirm the Court of Appeals' holding that the trial court erred by granting summary disposition to defendant because plaintiff has raised a genuine issue of **311 material fact[8] as to whether defendant "willfully act[ed] to circumvent the provisions of [ MCL 418.171 ] or [ MCL 418.611 ] by using coercion, intimidation, deceit, or other means to encourage persons who would otherwise be considered employees ... to pose as contractors for the purpose of evading [ MCL 418.171 ] or the requirements of [ MCL 418.611 ] ...." Plaintiff has presented evidence that his supervisor encouraged plaintiff-who acted as a full-time employee-to pose as an independent contractor. Plaintiff alleged that his supervisor told him not to tell anyone at the hospital that he was injured while working for defendant because defendant was "not on the books," that his supervisor informed him that there were no workers' compensation benefits for him, and that a part-owner of defendant and defendant's accountant told plaintiff he was not covered under defendant's workers' compensation plan. And although plaintiff was ultimately paid workers' compensation benefits, MCL 418.171(4) is satisfied if defendant encouraged plaintiff to pose as a contractor in an attempt to avoid the requirements of MCL 418.611 to secure the payment of compensation through obtaining workers' compensation insurance or self-insuring. In other words, defendant may have encouraged plaintiff to pose as a contractor to prevent plaintiff from making a claim for workers' compensation benefits. Because we must view the evidence in the light most favorable to plaintiff, I would conclude **312 that plaintiff has presented sufficient evidence to allow reasonable minds to differ regarding whether defendant is subject to civil *603 liability under MCL 418.171(4). See West v. Gen. Motors Corp. , 469 Mich. 177, 183, 665 N.W.2d 468 (2003). Accordingly, I would have affirmed the judgment of the Court of Appeals reversing the trial court's grant of summary disposition to defendant.
In conclusion, because MCL 418.171(4) is not limited to situations wherein there is a tripartite relationship and because plaintiff has raised a genuine issue of material fact as to whether defendant is subject to liability under MCL 418.171(4), I dissent from this Court's reversal of the Court of Appeals decision as to MCL 418.171(4). However, I concur with this Court's decision to deny leave as to all other issues.

See MCL 418.131(1).

Id .

Id .; see also Travis v. Dreis & Krump Mfg. Co. , 453 Mich. 149, 551 N.W.2d 132 (1996).

Miller v. Chapman Contracting , 477 Mich. 102, 105, 730 N.W.2d 462 (2007), quoting Ben P. Fyke & Sons v. Gunter Co. , 390 Mich. 649, 213 N.W.2d 134 (1973).

Ormsby v. Capital Welding, Inc. , 471 Mich. 45, 53, 684 N.W.2d 320 (2004).

People v. Franklin , 500 Mich. 92, 100, 894 N.W.2d 561 (2017).

See MCL 418.131(1) ("The issue of whether an act was an intentional tort shall be a question of law for the court.").

Gray v. Morley (After Remand) , 460 Mich. 738, 742, 596 N.W.2d 922 (1999).