*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY SCOTT BOSMA,

Plaintiff-Appellant,

v

ACE AMERICAN INSURANCE COMPANY,

Defendant-Appellee,

and

SNELLING STAFFING SERVICES,

Defendant.

UNPUBLISHED
June 13, 2019

No. 344732
Genesee Circuit Court
LC No. 18-110888-NO

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Jeffrey Bosma, appeals as of right the trial court order granting summary disposition in favor of defendants Ace American Insurance Company and Snelling Staffing Services. Because there are no errors, we affirm.

## I. BASIC FACTS

In 2011, Bosma was employed by Snelling Staffing Services. According to the complaint, on March 1, 2011, Bosma "suffered a lower back injury" at work while he was feeding stock into the "anilox rollers or press" on Line 125. Bosma contends that the "automation of [his] work station was not functioning correctly," which "caused the awkward bodily [sic] position that created the production movement which caused my lower back and left hip injury".

In response to the complaint, defendants filed a motion for summary disposition under MCR 2.116(C)(6), asserting that Bosma's claim should be dismissed because the same parties had litigated the same claim before the Workers' Compensation Board of Magistrates, which, after a trial, found that Bosma did not sustain a work-related injury on March 1, 2011. Defendants also attached documentation showing that Bosma appealed the magistrate's decision

-1-

to the Michigan Compensation Appellate Commission, which affirmed the magistrate's decision. Finally, defendants also directed the trial court to the fact that Bosma filed a complaint in federal district court alleging that he was injured at work on March 1, 2011. The federal court dismissed Bosma's complaint after it determined that it lacked subject-matter jurisdiction because the Michigan Worker's Disability Compensation Act, MCL 418.101 *et seq*., was Bosma's exclusive remedy against his employer for his alleged work-related injury. In doing so, the federal court recognized that the issue had already been litigated before the magistrate and an appeal had been taken before the Michigan Compensation Appellate Commission.

Bosma did not file a response to defendants' motion for summary disposition and at oral argument Bosma declined the court's invitation to argue against the motion. The trial court granted defendants' motion for summary disposition, explaining that it did "not see a cause of action that this Court can rule on". The court elaborated:

> Your case has been—it has already been ruled on. You—your—the worker's comp was your exclusive remedy and it was dismissed at a couple of different levels; at the Worker's Compensation Board of Magistrates and then the Appellate Commission, I do have that. It also appears that you filed a—an action in Federal Court based on the same facts and that was also dismissed earlier this year. This case has been decided by multiple courts and the—this Court has—just cannot grant you any relief. It's already been decided. The issue—your issues have already been decided.

This appeal follows.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Bosma challenges the trial court's order granting summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Defendants moved for summary disposition under MCR 2.116(C)(6). Under MCR 2.116(C)(6) summary disposition should be granted where "[a]nother action has been initiated between the same parties involving the same claim." The "purpose of the rule is to preclude repetitive and harassing re-litigation of the same matter already at issue in pending litigation." *Fast Air, Inc v Knight*, 235 Mich App 541, 545-546; 599 NW2d 489 (1999). As a result, "MCR 2.116(C)(6) does not operate where another suit between the same parties involving the same claims is no longer pending at the time the motion is decided." *Id*. at 545. Here, because the earlier actions were no longer pending, summary disposition was not appropriate under MCR 2.116(C)(6).

The trial court, however, did not state that it was granting summary disposition under MCR 2.116(C)(6). Instead, the court stated that it did not see a "cause of action" because relief under the WDCA was Bosma's exclusive remedy and his claim for worker's compensation benefits had been dismissed after a trial. Accordingly, it appears that the court granted summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(7) (res judicata).[1] "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint" and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "When deciding a motion brought under this section, a court considers only the pleadings." *Id*. at 119-120. The motion may be granted only when the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 119 (quotation marks and citation omitted). Furthermore, res judicata is a proper basis for granting summary disposition under MCR 2.116(C)(7). See *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016). "In determining whether summary disposition under MCR 2.116(C)(7) is appropriate, a court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id*. at 441 (quotation marks and citation omitted). "The issue whether the doctrine of res judicata bars a subsequent lawsuit constitutes a question of law that this Court likewise reviews de novo on appeal." *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 686; 762 NW2d 529 (2008).

## B. ANALYSIS

Summary disposition was appropriate under MCR 2.116(C)(8) because Bosma failed to state a claim upon which relief could be granted. An employee's sole remedy against an employer for any injury sustained while on the job is provided under the WDCA, except for injuries arising from an employer's intentional tort. *Gray v Morley*, 460 Mich 738, 741; 596 NW2d 922 (1999); see also MCL 418.131(1) ("The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease."). MCL 418.131(1) provides that an intentional tort "shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury." Bosma's complaint only asserts that he was injured at work because the layout of his workspace forced him to move in a manner causing a lower back and left hip injury. He does not allege, however, that his employer committed an intentional tort, and he refers to no deliberate acts of his employer or any facts showing that his employer specifically intended an injury. Therefore, because Bosma's complaint only provides that he was injured at work while performing a job for his employer, Bosma is barred from bringing this suit in the circuit court by the exclusive-remedy provision in the WDCA. See MCL 418.131. The trial court, consequently, did not err by granting summary disposition under MCR 2.116(C)(8).

---

[1] Even if the court intended to grant summary disposition under MCR 2.116(C)(6), " '[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.' " *Southfield Ed Ass'n v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 374; 909 NW2d 1 (2017), quoting *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Moreover, Bosma's claim is also barred by res judicata. "The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). To prove that a suit is barred on res judicata grounds, the following is required: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* All the parties to this action were parties to the original action before the Workers' Compensation Board of Magistrates, and it is plain that the original action— decided after a trial—was decided on the merits. Moreover, the issue resolved in the original action was whether Bosma sustained a work-related injury on March 1, 2011 or March 8, 2011. The magistrate found that, based on the evidence presented, he did not. Again, in his complaint in this action, Bosma asserted he was injured at work on March 1, 2011. Thus, under the facts of this case, the doctrine of res judicata bars Bosma's claim, and the trial court did not err by granting summary disposition. See MCR 2.116(C)(7).

On appeal, Bosma argues that the trial court erred by granting summary disposition on the ground that his complaint was "frivolous." The court did state that Bosma's complaint was "truly . . . frivolous," but it did not grant summary disposition on that basis. Instead, as explained above, the court granted it based on Bosma's failure to state a claim and based on the fact that the matter had been decided on the merits in a prior suit involving the same parties. The court's comment that Bosma's suit was frivolous was limited to its discussion regarding sanctions under MCL 600.2591 (allowing sanctions for a frivolous claim or defense in a civil action). No sanctions were imposed. Thus, because the trial court did not dismiss Bosma's complaint as "frivolous," there is no merit to this allegation of error.

Bosma also contends that the trial court clearly erred by concluding that he "lacked the capacity to sue." Nothing in the court's opinion, however, indicates that it found Bosma lacked the capacity to sue. Therefore, this claim of error is without merit.

Finally, Bosma asserts that there was not sufficient evidence presented to dismiss his claim. Yet, as noted above, defendants attached documentary evidence showing that Bosma's claim was barred by the doctrine of res judicata, and Bosma failed to state a claim upon which relief could be granted. Consequently, on the record before the trial court, there was a sufficient basis to grant summary disposition under MCR 2.116(C)(7) and (C)(8).

Affirmed. Defendants may tax costs. MCR 7.219(A).

/s/ /Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly