Joe KACZOR and Judith Kaczor, by her
Guardian ad Litem, Joe Kaczor,
Plaintiffs and Appellants,

v.

CITY OF MINOT, a Municipal Corporation,
Defendant and Respondent.

No. 8274.

Supreme Court of North Dakota.

Dec. 17, 1965.

Ella Van Berkom, Minot, for plaintiffs and appellants.

Bosard, McCutcheon & Coyne, Minot, for defendant and respondent.

KNUDSON, Judge.

The plaintiff Judith Kaczor, a minor, brings this action by her father, as guardian ad litem, against the City of Minot for personal injuries resulting from the alleged negligent operation of the city dump by the defendant. The trial court dismissed the plaintiffs' complaint on the ground that the defendant was not liable for the wrongful acts or omissions occurring while engaged in the operation of its sanitary landfill and dump, holding that the removal of garbage by the defendant is a governmental function. From the judgment entered on the order of dismissal, the plaintiffs have appealed to this court.

Following the case of Fetzer v. Minot Park District, N.D., 138 N.W.2d 601, recently decided by this court, a municipal corporation is not liable for injuries caused by the negligence of its officers and employees while acting in a governmental function.

This court has held that the disposal of garbage by a municipality is a governmental function in Montain v. City of Fargo, 38 N.D. 432, 166 N.W. 416, L.R.A. 1918C, 600, Ann.Cas.1918D, 826, wherein we said:

"We are also satisfied that in disposing of its garbage and in letting the

contract in question the city of Fargo was acting in its governmental, and not in its private or corporate, capacity.

"There is only one purpose for our municipalities entering so largely into this work as they do to-day and that is the preservation of the public health, and in every enlightened land this aid and protection always has been and always will be considered a primary duty which devolves upon the state in its sovereign power. * * *"

And in the syllabus to Moulton v. City of Fargo, 39 N.D. 502, 167 N.W. 717, L.R.A.1918D, 1108, we held:

"Where a city maintains a public dump for a public, and not a commercial, purpose, it is engaged in a public enterprise, and is not liable for the negligence of the caretaker thereof in directing persons where to dispose of their refuse."

These cases are cited as being in accord with the weight of authority that the disposition or removal of garbage and refuse constitutes a governmental function in 38 Am.Jur., Municipal Corporations, § 614, p. 311, wherein it is stated:

"The courts differ as to whether the disposition or removal of garbage and refuse constitutes a governmental function within the rule that in the performance of a governmental function a municipality is not liable for the negligence of its officers and employees, but the weight of authority is to the effect that it is a public or governmental function, and that the municipality is not liable for the negligence of the persons employed therein. This rule applies also to the erection and maintenance of an incinerator by a municipality. * * *"

If it is desirable to change this rule of law, which is well settled in this State, the request for such change should be addressed to the Legislative Assembly.

The judgment of the district court is affirmed.

BURKE, C. J., and ERICKSTAD, STRUTZ and TEIGEN, JJ., concur.