## KOOTSILLAS v CITY OF RIVERVIEW

Docket No. 157069. Submitted July 19, 1995, at Detroit. Decided December 15, 1995, at 9:20 A.M. Leave to appeal sought.

Jimmie and Tammie Coleman brought an action in the Wayne Circuit Court against Albright Construction Company, Inc., Francis Kootsillas, and the City of Riverview, seeking damages related to Jimmie's injury at the city's landfill. Jimmie was injured when the garbage truck he was driving for Waste Management Company was crushed by a garbage truck owned by Albright and driven by Kootsillas. Kootsillas settled with the plaintiffs and brought a third-party action against the city for contribution. The court, John R. Kirwan, J., refused to permit the city to amend its pleadings to claim indemnification against Waste Management, but granted summary disposition for the city in the third-party action on the ground of governmental immunity. Kootsillas appealed and the city cross appealed.

The Court of Appeals *held:*

1. A governmental entity can, as in this case, forfeit governmental immunity from liability related to trash collection and landfill operation by charging fees that are in excess of amounts needed to offset related expenses, thus changing what is a governmental function into a pecuniary function or a profit-making enterprise.

2. On remand, the trial court should allow the city to amend its pleadings to claim indemnification.

Reversed and remanded.

SAWYER, J., dissenting, stated that the city is entitled to governmental immunity because the operation of a landfill by a municipality is a governmental function expressly authorized by statute, that an activity cannot be deemed a proprietary function unless the activity cannot normally be supported by taxes or fees, and that, because a municipality is authorized by statute to levy a tax for collection and disposal of garbage, the proprietary function exception does not apply to this case.

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability § 252.
See ALR Index under Municipal Corporations.

Governmental Immunity — Proprietary Function Exception — Trash Collection and Landfill Operation.

> A municipality can forfeit governmental immunity from tort liability related to trash collection and landfill operation by charging fees in excess of amounts needed to offset related expenses, thus changing what is a governmental function into a pecuniary function or profit-making enterprise (MCL 691.1413; MSA 3.996[113]).

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Thomas L. Misuraca* and *David M. Shafer*), for Francis Kootsillas.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for City of Riverview.

Before: Michael J. Kelly, P.J., and Sawyer and D. R. Freeman,* JJ.

Michael J. Kelly, P.J. Defendant and third-party plaintiff, Francis Kootsillas, appeals as of right and third-party defendant, City of Riverview, cross appeals from a Wayne Circuit Court order of September 22, 1992, granting the city's motion for summary disposition pursuant to MCR 2.116(C)(7). We reverse.

The circuit court found that the city was a governmental agency engaged in the exercise of a governmental function embracing the activities of the garbage dump landfill in question. The trial court did, however, find that the city operated its garbage dump for profit. This conclusion was fully supported by the record; in fact, the trial court's opinion underscored that the city admitted the activity was "conducted primarily for the purpose of producing a pecuniary profit." The court then went on to find that garbage-collecting activity and garbage disposal activity "can normally be sup-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ported by taxes or fees." Because the underlying tort claim and plaintiffs' claims against the city, Kootsillas, and Albright Construction Company, Inc., have been dismissed with prejudice by stipulation of the parties, we need decide only the propriety of the grant of the city's motion under MCR 2.116(C)(7) for summary disposition based on governmental immunity. The third-party plaintiff's well-pleaded allegations are to be accepted as true unless specifically contradicted by affidavits or appropriate documentation submitted by the city.

The pivotal case is *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986). There, the Court explained that an activity can be deemed a proprietary function only if it satisfies two tests:

(1) The activity must be conducted primarily for the purpose of producing a pecuniary profit, *and*

(2) the activity cannot normally be supported by taxes or fees. [*Hyde, supra* at 257-258. Emphasis in original.]

In addition, the *Hyde* Court explained that MCL 691.1413; MSA 3.996(113) does not require that the activity actually be supported by taxes or fees to be subject to immunity, rather the activity need only be one which is "*normally* supported by taxes or fees." *Hyde, supra* at 260, n 32. (Emphasis in original.)

Here, we are convinced that the city's vast commercial landfill activity has dwarfed any governmental function and converted the activity into a proprietary function. The city's intent is fully conceded by its admissions and confirmed by documentary evidence, newspaper articles, depositions, accounting information, and millage and budget comparisons. The city invites customers to truck in

garbage from all over Michigan and Canada, to deposit refuse in its landfill collected from more than seventeen different governmental entities outside the city's geographic limits. The fees collected permit the city to use millions of dollars in profits to fund a host of services wholly unrelated to its landfill operations, and even to pay off municipal debts and to keep the city's millage artificially low. The landfill is the city's biggest business.

We hold that a governmental entity can forfeit its immunity for garbage and trash collection and landfill activity by charging fees that change the governmental function into a private one by the sheer scope of its profit-making enterprise, and we find that to be the case here. See 63 CJS, Municipal Corporations, § 777(b), pp 85-86; 57 Am Jur 2d, Municipal, County, School, and State Tort Liability, § 252, pp 256-257. Other states limit the immunity for activities that involve collection and fees for services in the community and abutting communities and the income is used to offset related expenses. That is, where the revenue would not "take the garbage collection service outside a governmental function and convert it into a ministerial one." *City of Valdosta v Bellew,* 178 Ga App 423; 343 SE2d 111 (1986). See also *Tadjer v Montgomery Co,* 300 Md 539; 479 A2d 1321 (1984), *Koontz v City of Winston-Salem,* 280 NC 513; 186 SE2d 897 (1972), and *Kaczor v City of Minot,* 138 NW2d 784 (ND, 1965). The intent to produce a pecuniary profit, especially one as sizeable as in the case at bar, converts the governmental activity into a commercial enterprise and requires the governmental entity either to forfeit its immunity or to insure itself against liability for damages precisely as any other commercial entrepreneur. The scope of the city's activity is disproportionate

to its size and hence is not one that can "normally" be supported by its citizens and taxpayers in the sense of being proportionate to and in reasonable dimension with the size and scope of its geography and population.

Reversed. On remand, the trial court should grant leave to amend the city's cross-complaint and third-party complaint in order to litigate the city's indemnification claims, express and implied.

D. R. FREEMAN, J., concurred.

SAWYER, J. *(dissenting)*. I respectfully dissent.

The principal plaintiff, Jimmie Coleman, an employee of Waste Management Company, was injured in the course of his employment as a garbage truck operator while at a landfill operated by third-party defendant, City of Riverview. At issue here is whether Riverview is entitled to governmental immunity for the claims arising against it out of the operation of the landfill. Both parties raise as issues whether the operation of the landfill constituted a governmental function, thus entitling Riverview to the protections of governmental immunity, and whether operation of the landfill constituted a proprietary function, thus negating Riverview's entitlement to governmental immunity. Additionally, Riverview also raises the issue whether the trial court erred in denying its request to amend its answer to add a third-party complaint against plaintiff's employer for purposes of invoking an indemnification clause.

With respect to the governmental immunity question, I am not persuaded that the trial court erred in holding that Riverview was entitled to the protections of governmental immunity in this case. A governmental agency is immune from tort liability when it is engaged in the exercise or discharge

of a governmental function. MCL 691.1407(1); MSA 3.996(107)(1). Furthermore, a governmental function is an activity that is expressly or impliedly authorized or mandated by law. MCL 691.1401(f); MSA 3.996(101)(f). City councils are specifically authorized by statute to establish and maintain garbage systems or plants for the collection and disposal of garbage. MCL 123.261; MSA 5.2681. Therefore, because operation of a garbage disposal system is expressly authorized by law, Riverview was engaged in a governmental function in operating the landfill and, therefore, entitled to governmental immunity.

Third-party plaintiff nevertheless argues that Riverview is not entitled to governmental immunity because the manner in which the landfill was operated constituted the exercise of a proprietary function rather than strictly a governmental function. Under MCL 691.1413; MSA 3.996(113), a governmental agency is not entitled to the protection of governmental immunity if it is engaged in a proprietary function. A proprietary function is defined by the statute as any activity that is conducted primarily for the purpose of producing a pecuniary profit for the agency, excluding those activities normally supported by taxes or fees. Riverview concedes that the landfill is operated to produce a profit, apparently achieved by allowing use of the landfill, for a fee, by other municipalities and private customers. Riverview maintains, and the trial court agreed, however, that the proprietary function exception does not apply because the activity is nevertheless one normally supported by taxes or fees. I agree.

Municipalities are authorized by statute to levy a tax, not to exceed three mills, known as a garbage tax, to pay for the collection and disposal of garbage in the city or village. MCL 123.261;

MSA 5.2681. In order for an activity to be deemed a proprietary function it must, inter alia, be an activity that cannot normally be supported by taxes or fees. *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 258; 393 NW2d 847 (1986). Since the operation of a garbage disposal plant or system can be supported by taxes or fees, Riverview's operation of the landfill cannot be deemed a proprietary function.

For the above reasons, I would conclude that the trial court correctly determined that Riverview was entitled to the protections of governmental immunity and, therefore, properly granted summary disposition in favor of Riverview.

I would affirm.