TRANSOU v CITY OF PONTIAC

Docket No. 280046. Submitted December 10, 2008, at Detroit. Decided January 22, 2009. Approved for publication March 19, 2009, at 9:20 a.m.

Darin Transou brought an action in the Oakland Circuit Court against the city of Pontiac, seeking damages for injuries he sustained when struck by a golf ball at a golf course owned by the city. The court, Rudy, J. Nichols, J., granted the city summary disposition on the ground that the plaintiff's action was barred by governmental immunity. The plaintiff appealed.

The Court of Appeals *held*:

The trial court properly ruled that the plaintiff's action is barred by governmental immunity. The plaintiff argued that the proprietary-function exception to governmental immunity found in MCL 691.1413 applied. A proprietary function is any activity conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding any activity normally supported by taxes or fees. Whether an activity actually generates a profit is not dispositive when determining whether the governmental agency conducts the activity primarily for the purpose of producing a pecuniary profit, but the existence of profit is relevant to the agency's intent. An agency may conduct an activity on a self-sustaining basis without being subject to the proprietary-function exception. Where the profit is deposited and how it is spent also indicate intent. Depositing the profit in the general fund or using it on unrelated events indicates a pecuniary motive, while using it to defray the expenses of the activity indicates a nonpecuniary purpose. In this case, the revenue the golf course generates is intended to be applied to the course's operation and service of the bond debt incurred when the golf course was reconstructed as part of a golf course development project that included the development of the surrounding community. The golf course has operated at a loss for many years, and other city revenues have been used to meet the course's obligations. Thus the golf course revenue is used in a self-sustaining manner. Using the revenue to extinguish the bonds issued to finance the housing component of the development project is not

use of it for an unrelated event because the development of surrounding housing was part of the development project. The golf course revenue has not been budgeted for use by other city departments or considered as a means to reduce tax millages or fund other city operations.

Affirmed.

GOVERNMENTAL IMMUNITY — PROPRIETARY-FUNCTION EXCEPTION — PECUNIARY PROFIT BY GOVERNMENTAL AGENCIES — WORDS AND PHRASES.

For purposes of the propriety-function exception to governmental immunity, "proprietary function" means any activity conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding any activity normally supported by taxes or fees; whether an activity actually generates a profit is not dispositive when determining whether the governmental agency conducts the activity primarily for pecuniary profit, but the existence of profit is relevant to the agency's intent; an agency may conduct an activity on a self-sustaining basis without being subject to the proprietary-function exception; where the profit is deposited and how it is spent also indicates intent; depositing the profit in the general fund or using it on unrelated events indicates a pecuniary motive, while using it to defray the expenses of the activity indicates a nonpecuniary purpose (MCL 691.1413).

*Marcellus Long, Jr.*, for the plaintiff.

*Law Offices of Berry, Johnston, Sztykiel, Hunt & McCandless, P.C.* (by *Eric S. Goldstein*), for the defendant.

Before: SERVITTO, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM. This matter arises out of injuries plaintiff sustained when struck by a golf ball at defendant's golf course. Defendant moved for summary disposition, asserting that the action was barred by governmental immunity under MCL 691.1407(1). The trial court agreed, and plaintiff now appeals as of right. We affirm.

Although not specified in the record, the trial court granted defendant summary disposition under MCR 2.116(C)(7) and (10). We review de novo a trial court's

decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(7) is properly granted when a claim is barred by governmental immunity and the nonmoving party has failed to allege facts that justify an exception to that immunity. *Steele v Dep't of Corrections*, 215 Mich App 710, 712-713; 546 NW2d 725 (1996). A motion under MCR 2.116(C)(10) is properly granted if no genuine issue of fact exists and the moving party is entitled to a judgment as a matter of law. *Rice v Auto Club Ins Ass'n*, 252 Mich App 25, 31; 651 NW2d 188 (2002). In reviewing a motion brought under MCR 2.116(C)(7) or MCR 2.116(C)(10), we consider all the evidence, including admissions, affidavits, depositions, and pleadings in the light most favorable to the nonmoving party. *Rice, supra* at 30-31; *Wade v Dep't of Corrections*, 439 Mich 158, 162-163; 483 NW2d 26 (1992).

Plaintiff argues that the trial court erred by determining that the proprietary function exception to governmental immunity did not apply. We disagree. Generally, governmental agencies are immune from tort liability. MCL 691.1407(1). However, MCL 691.1413 provides that governmental immunity does not apply "to actions to recover for bodily injury . . . arising out of the performance of a proprietary function . . . ." That same section defines "proprietary function" as "any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees." *Id.* Thus, to be a proprietary function, the "activity (1) must be conducted primarily for the purpose of producing a pecuniary profit, and (2) it cannot be normally supported by taxes and fees." *Coleman v Kootsillas*, 456 Mich 615, 621; 575 NW2d 527 (1998). Two considerations are relevant to the first prong of this inquiry:

> First, whether an activity actually generates a profit is not dispositive, but the existence of profit is relevant to the governmental agency's intent. An agency may conduct an activity on a self-sustaining basis without being subject to the proprietary function exemption. Second, where the profit is deposited and where it is spent indicate intent. If profit is deposited in the general fund or used on unrelated events, the use indicates a pecuniary motive, but use to defray expenses of the activity indicates a nonpecuniary purpose. [*Herman v Detroit*, 261 Mich App 141, 145; 680 NW2d 71 (2004) (citations omitted).]

Our review of the record shows that defendant's golf course is not a propriety function within the meaning of MCL 691.1413 because there is no genuine issue of material fact about whether the golf course is "conducted primarily for the purpose of producing a pecuniary profit . . . ." *Coleman, supra* at 621. Although the parties dispute whether the golf course generates a profit, the record shows that any revenue the golf course does generate is intended to be applied to its operation and its bond service obligation. This debt was incurred in the mid-1990s when the golf course was reconstructed as part of the golf course development project, which also included the development of a surrounding residential community. Nonetheless, the golf course has operated at a loss since the fiscal year ending in 1995, and defendant's finance director, Mr. Raymond Cochran, noted that other city revenues have been used to meet the golf course's obligations.

Given these facts, we are not persuaded that this use of the golf course's revenue shows a pecuniary motive. Any revenue from the operation of the golf course was not deposited in a general fund or used on unrelated events. *Herman, supra* at 145. Rather, revenue was to be used in a self-sustaining manner—to meet operation costs and to service the debt incurred during redevel-

opment. *Id.* We see no merit in plaintiff's contrary contention that the golf course's revenue was to be used on "unrelated events" because it was intended to extinguish the bonds issued to finance the housing component of the development project. Rather, the record reflects that the development of surrounding housing was part of the development project and, therefore, it is not an unrelated event. Further, Mr. Cochran stated in his affidavit that "[g]olf course revenues have never been budgeted in an anticipatory fashion for use by other City departments or divisions . . . and have not been considered as a basis to reduce tax millages nor to fund other City operations."[1]

Viewed in the light most favorable to plaintiff, the evidence does not show that that the golf course was operated "primarily for the purpose of producing a pecuniary profit . . . ." *Coleman, supra* at 621. Accordingly, the operation of the golf course is not a proprietary function, and the trial court properly ruled that plaintiff's action is barred by governmental immunity.

Affirmed.

---

[1] In opposition to defendant's motion for summary disposition, plaintiff presented an affidavit prepared by an accountant. The affidavit was neither signed nor notarized. This deficiency was brought to plaintiff's attention in defendant's reply, but there is no indication in the record that the defects were cured. Because the affidavit does not comply with the court rules, we do not consider it. MCR 2.113(A); MCR 2.114(C)(2).