*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZAFER J. ALI,

      Plaintiff-Appellant,

v

SIBLINI BAKERY, INC.,

      Defendant-Appellee,

and

SALTEK BAKERY EQUIPMENT,

      Defendant.

UNPUBLISHED
August 27, 2019

No. 344228
Wayne Circuit Court
LC No. 17-005179-NO

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting summary disposition in favor of defendant Siblini Bakery ("defendant") on plaintiff's personal injury claim.[1] We reverse and remand.

Plaintiff was employed by defendant and operated a pita bread dough extruder divider/sheeter machine. Plaintiff claims that he was required to operate the machine without proper guards in place and that on the day in question his left hand was pulled into the machine and was seriously injured. In his deposition, plaintiff described that part of his responsibility was to keep the dough from piling up in the machine and causing the production line to shut down. He was required to clear the dough while the machine was still operating so that the production did not stop. It was while clearing the dough with a metal tool that his hand was drawn into the machine. A nearby coworker turned off the machine. It took 40 to 60 minutes to extricate his

---

[1] The claims against Saltek Bakery Equipment, based upon product liability and breach of warranty, were later voluntarily dismissed without prejudice and are not at issue in this appeal.

hand from the machine. Plaintiff further testified that after the accident, various coworkers told him that eight other people had been similarly injured on the machine.

Defendant moved for summary disposition under MCR 2.116(C)(4), (8), and (10), arguing that the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.131, precluded plaintiff's claim. Plaintiff responded by arguing that the intentional tort exception to the exclusive remedy provision applies in the case. The trial court disagreed and granted summary disposition. While neither the trial court's opinion from the bench nor its order identifies the subrule under which it was granting summary disposition, because it based its decision on a lack of evidence, we presume that it granted summary disposition under (C)(10). The entirety of the trial court's opinion from the bench is as follows:

> THE COURT: The opinion of the Court is as follows.
>
> There are two Defendants here, Siblini Bakery, the employer of the injured Plaintiff has filed a Motion for Summary Disposition claiming that Plaintiff's exclusive remedy is the Workers' Compensation Act and there's no evidence here that the employer pushed his hand into the machine, so the Court will grant summary disposition for Siblini's Bakery.
>
> The case will continue with one Defendant, Saltek Bakery Equipment.
>
> Defense counsel can submit an order.

We review de novo summary disposition decisions. *El-Khalil v Oakwood Healthcare, Inc*, ___ Mich ___; __ NW2d ___ (No. 157846, issued 7/10/19), slip op at 6. The Court in *El-Khalil*, slip op at 6-7, explained the distinction between motions under (C)(8) and (C)(10):

> A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013); MCR 2.116(G)(5). A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).
>
> A motion under MCR 2.116(C)(10), on the other hand, tests the *factual sufficiency* of a claim. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson*, 502 Mich at 761 (quotation marks, citation, and brackets omitted).

We now turn to the question whether the trial court properly granted summary disposition in this case. In *Bagby v Detroit Edison Co*, 308 Mich App 488, 491-493; 865 NW2d 59 (2014), this Court discussed the intentional tort exception to the exclusive remedy provision of the WDCA:

> Generally, the benefits provided by the WDCA are the sole remedy for employees to recover from their employers when the employees sustain work-related injuries or occupational diseases. *Id.* at 695–696. The only exception to this rule is when the employee can show that the employer committed an intentional tort. MCL 418.131(1); *Johnson* [*v Detroit Edison Co*], 288 Mich App [688; 795 NW2d 161 (2010)] at 696. For purposes of the WDCA, an "intentional tort" is not a true intentional tort. *Travis v Dreis & Krump Mfg Co,* 453 Mich 149, 168; 551 NW2d 132 (1996) (opinion by BOYLE, J.). Rather, it exists

> "when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. [MCL 418.131(1).]"

> Thus, to recover under the intentional tort exception of the WDCA, a plaintiff must prove that his or her injury was the result of the employer's deliberate act or omission and that the employer specifically intended an injury. See MCL 418.131(1); *Travis,* 453 Mich at 169-180 (opinion by BOYLE, J.). In other words, a plaintiff must show that "an employer ... made a conscious choice to injure an employee and ... deliberately acted or failed to act in furtherance of that intent." *Travis,* 453 Mich at 180 (opinion by BOYLE, J.).

> There are two ways for a plaintiff to show that an employer specifically intended an injury. The plaintiff can provide direct evidence that the employer "had the particular purpose of inflicting an injury upon his employee." *Id.* at 172. In the alternative, an employer's intent can be proven by circumstantial evidence, i.e., that the employer "has actual knowledge that an injury is certain to occur, yet disregards that knowledge." *Id.* at 173, 180.

> Constructive, implied, or imputed knowledge does not satisfy this actual knowledge requirement. *Johnson,* 288 Mich App at 697. In addition, "[a]n employer's knowledge of general risks is insufficient to establish an intentional tort." *Herman v Detroit,* 261 Mich App 141, 149; 680 NW2d 71 (2004); see also *House v Johnson Controls, Inc,* 248 F Appx 645, 647-648 (CA 6, 2007). "In the case of a corporate employer, a plaintiff need only show that 'a supervisory or managerial employee had actual knowledge that an injury would follow from what the employer deliberately did or did not do.' " *Johnson,* 288 Mich App at 697, quoting *Fries v Mavrick Metal Stamping, Inc,* 285 Mich App 706, 714; 777 NW2d 205 (2009) (citation and quotation marks omitted).

> An injury is "certain to occur" if "there is no doubt that it will occur . . . ." *Johnson,* 288 Mich App at 697 (quotation marks and citation omitted); see also

*Travis,* 453 Mich at 174 (opinion by BOYLE, J.). As the Supreme Court explained in *Travis,* 453 Mich at 174 (opinion by BOYLE, J.):

"[T]he laws of probability, which set forth the odds that something will occur, play no part in determining the certainty of injury. Consequently, scientific proof that, for example, one out of ten persons will be injured if exposed to a particular risk, is insufficient to prove certainty. Along similar lines, just because something has happened before on occasion does not mean that it is certain to occur again. Likewise, just because something has never happened before is not proof that it is not certain to occur."

In addition, "conclusory statements by experts are insufficient to allege the certainty of injury contemplated by the Legislature." *Id.* The existence of a dangerous condition does not mean an injury is certain to occur. *Id.* An employer's awareness of a dangerous condition, or knowledge that an accident is likely, does not constitute actual knowledge that an injury is certain to occur. *Johnson,* 288 Mich App at 697–698. The Supreme Court has also reasoned that an employer's attempts to repair a machine and its repeated warnings to employees may be evidence that the employer did not have actual knowledge that an injury was certain to occur. *Travis,* 453 Mich at 177 (opinion by BOYLE, J.). On the other hand, " [a] continuously operative dangerous condition may form the basis of a claim under the intentional tort exception only if the employer *knows* the condition will cause an injury and refrains from informing the employee about it." *Alexander v Demmer Corp,* 468 Mich 896, 896–897; 660 NW2d 67 (2003).

Finally, the plaintiff must show that the defendant *willfully disregarded* its actual knowledge that injury was certain to occur. See MCL 418.131(1); *Travis,* 453 Mich at 179 (opinion by BOYLE, J.). This requirement is "intended to underscore that the employer's act or failure to act must be more than mere negligence . . . ." *Id.* at 179.

This clearly creates a rather high bar for a plaintiff to clear in order to be able to establish the intentional-tort exception. And while we are skeptical whether plaintiff will ultimately be able to clear that bar, we nevertheless reverse because we find two fundamental errors by the trial court.

First, the trial court granted summary disposition before discovery was complete. Indeed, plaintiff even indicated that it had depositions scheduled a few weeks after the motion hearing.[2] Second, the trial court's opinion only addressed one of the two ways in which a plaintiff can

---

[2] According to plaintiff's counsel, they had yet to complete taking depositions because it took two court orders to compel defendant to respond to plaintiff's request for a list of employees who worked for defendant during the relevant time period. Apparently, plaintiff was seeking evidence from other employees regarding the claims about previous accidents on the machine.

establish an intentional tort. As discussed at length in *Bagby*, an intentional tort can be established either by showing (1) that the employer specifically intended to injure the employee or (2) that the employer disregarded actual knowledge that an injury was certain to occur. 308 Mich App at 491. The trial court addressed the first way with its statement "there's no evidence here that the employer pushed his hand into the machine," but ignored the second path to establishing an intentional tort. And it is this second path that plaintiff follows. Because this was not addressed by the trial court in the first instance, we decline to do so ourselves on appeal and leave it for the trial court to address on remand.

Because of our resolution of this issue, we need not address plaintiff's additional argument regarding whether the affidavit proffered by defendant was properly executed.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron