*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRETT MARK SMITH,

      Plaintiff-Appellee,

v

BRIDGET ANN SCHAFER,

      Defendant-Appellant.

FOR PUBLICATION
November 21, 2023
9:20 a.m.

No. 366473
Clinton Circuit Court
Family Division
LC No. 2023-030978-UM

Before: GLEICHER, C.J., and SWARTZLE and YATES, JJ.

SWARTZLE, J.

The parties originally had joint-legal custody of their child under a Georgia court order. In that state, a court can designate one parent as having "tie-breaking authority" in the case of a dispute, and the Georgia court designated defendant as the tie breaker. Michigan law does not permit a parent to serve as a tie breaker, and when the parties moved to Michigan with the child and defendant sought to modify the custody order to give her sole-legal custody, the circuit court instead reaffirmed that the parties have joint-legal custody and stripped out the tie-breaking provision. Contrary to defendant's arguments on appeal, the circuit court did not err in doing so, as we explain here.

## I. BACKGROUND

The facts are brief and uncontested. Plaintiff and defendant are the biological parents to one minor child who was born during their marriage. The parties were living in Georgia when they divorced, and a Georgia court entered an order granting defendant primary-physical custody of the child. With respect to legal custody, the order states, "Legal Custody shall be . . . (X) Joint." Similarly, on "Major Decisions" covering (i) education, (ii) non-emergency health care, (iii) religion, and (iv) extracurricular activities, the order states, "(X) joint" for each category. In Georgia, a "tie-breaking" provision is permitted, and here, if the parents disagree on a "Major Decision," the order states that "Mother will have tie-breaking authority."

Eventually, both parties and the child moved to Michigan, and plaintiff filed a petition to register the Georgia order in Clinton Circuit Court. In response, defendant moved the circuit court to "memorialize the status quo" by granting her sole-legal custody of the child; she based her

characterization of sole-legal custody on the fact that she had tie-breaking authority under the Georgia order. Plaintiff opposed defendant's characterization of custody, and he argued that the Georgia court could have explicitly awarded defendant sole-legal custody, but it instead granted joint-legal custody to the parties, with tie-breaking authority to defendant.

Following a hearing, the circuit court held that the Georgia tie-breaking provision was not permissible in Michigan under this Court's decision in *Shulick v Richards*, 273 Mich App 320; 729 NW2d 533 (2006), and it otherwise ordered joint-legal custody as provided by the plain language of the Georgia order.

Defendant now appeals.

II. ANALYSIS

This Court reviews de novo a circuit court's interpretation of another state's law, *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004), as well as a circuit court's interpretation of a consent judgment of divorce, *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021). A circuit court's custody decisions regarding questions of law are reviewed for clear error, which occurs when the circuit court "incorrectly chooses, interprets, or applies the law." *Vodvarka v Grasmeyer*, 259 Mich App 499, 508; 675 NW2d 847 (2003) (cleaned up).

Our Legislature enacted the Uniform Child-Custody Jurisdiction and Enforcement Act, MCL 722.1101 *et seq*. (UCCJEA), to deal with these types of situations. The act "governs child custody proceedings involving Michigan and a proceeding or party outside of the state." *Nock v Miranda-Bermudez*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363362); slip op at 3 (cleaned up). Under the UCCJEA, Michigan courts "accord full faith and credit to an order issued by another state and consistent with this act that enforces a child-custody determination by a court of another state unless the order has been vacated, stayed, or modified by a court having jurisdiction to do so under article 2." MCL 722.1312.

This would be a simple matter if Michigan permitted the kind of custody order entered by the Georgia court. The Georgia order could be entered and enforced in a Michigan court, or an order mirroring the substantive provisions of the Georgia order could be drafted and entered in a Michigan court, and the parties could conform their conduct in the same way envisioned in that foreign order. This is not a simple matter, however, because Michigan law prohibits the kind of "tie-breaking authority" that is permitted under Georgia law and that was granted to the parties in Georgia in this case. *Shulick*, 273 Mich App at 329 ("The trial court thus erred in providing for a fallback division of authority if the parties here are unable to cooperate and agree on the important decisions regarding their child, and a remand is necessary to remove the fallback provision.").

The parties have not argued on appeal, and therefore we do not address, whether the federal constitutional guarantee of "Full Faith and Credit" would otherwise require a court of this state to enforce the Georgia order, including the tie-breaking provision, notwithstanding the holding of *Shulick*. See US Const, art IV, § 1; *Giancaspro v Congleton*, unpublished opinion per curiam of the Court of Appeals, issued Feb. 19, 2009 (Docket No. 283267), pp 2-3 (holding that the "Full Faith and Credit" provision of the federal Constitution required Michigan courts to recognize as

valid an adoption under Illinois law that would not otherwise have been recognized under Michigan law).

Rather, defendant argues that the circuit court's decision was an improper change of custody because she maintains that the Georgia order effectively granted her sole-legal custody. As she sees it, if she had a disagreement with plaintiff about a major decision concerning their child, the Georgia order gave her the last word on the matter and, thus, plaintiff did not have any effective authority over those decisions involving the child. Plaintiff disagrees and asks that this Court affirm the circuit court's modification of the Georgia order that removed defendant's tie-breaking authority and enforced joint-legal custody.

Plaintiff has the stronger position, for several reasons. First, the language of the Georgia order plainly suggests that the Georgia court meant for the parties to have joint-legal custody. In five different places in the rather brief order, the Georgia court expressly indicated that legal custody was to be "joint." And, apart from tie-breaking authority, Georgia law is consistent with Michigan law on joint-legal custody. See Ga Code Ann 19-9-6(5) (stating that "both parents have equal rights and responsibilities for major decisions concerning the child, including the child's education, health care, extracurricular activities, and religious training").

Second and just as critically, authority to break a tie under the Georgia order speaks only to when the parents have an explicit disagreement over a major, non-emergency decision involving the child. This authority does not speak to other decisions, day-to-day care, or emergency matters involving the health or safety of the child. Although not described as "major" under the Georgia order, these other areas of a child's life are critically important, and can even be life-saving. Plaintiff's status under the Georgia order confirms that his parental role is just as important and vital as defendant's. Moreover, given his status under the Georgia order, plaintiff could have, for example, legally authorized medical treatment for the child or signed the child up for a sport; if he did not have legal custody, then plaintiff could not have lawfully authorized such activities.

This is not to say that the authority to break a tie is inconsequential. We recognize that the authority to break a tie when the parents disagree is a significant one, and it is not wholly consistent with joint-legal custody as envisioned in this state. With that said, it is clear that the Georgia court granted the parties joint-legal custody of the child, and only in the limited circumstance of an explicit disagreement between the parents involving a subset of matters affecting the child, did the Georgia court grant defendant authority to break the tie.

Nevertheless, defendant argues that the circuit court improperly changed the custody because the Georgia order should be enforced with the same effect in Michigan under the UCCJEA. But, defendant herself recognizes that a tie-breaker provision is not permissible under Michigan law—what she really wants, and asks for, is sole legal custody, something different than what is provided under the Georgia order.

Moreover, a foreign judgment will only be given full effect in this state if it has not been "vacated, stayed, or modified by a court having jurisdiction to do so." MCL 722.1312. The UCCJEA provides the circuit court with the authority to modify the Georgia order. Specifically, the act states in relevant part:

Except as otherwise provided in section 204, a court of this state shall not modify a child-custody determination made by a court of another state unless a court of this state had jurisdiction to make an initial child-custody determination under section 201(1)(a) or (b) and either of the following applies:

* * *

(b) A court of this state or a court of the other state determines that neither the child, nor a parent of the child, nor a person acting as a parent presently resides in the other state.

MCL 722.1203 references MCL 722.1201(1)(a), which states:

(1) Except as otherwise provided in section 204, a court of this state has jurisdiction to make an initial child-custody determination only in the following situations:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

There is no dispute that this state was the home state for the child and both parents at the time of the proceeding. Thus, the circuit court had the jurisdiction to modify the Georgia order under the UCCJEA because this matter was an initial child-custody determination for purposes of this state, and both parties and the child lived in this state at the time of the proceeding. The circuit court modified the Georgia order by preserving the main objective of the Georgia order (joint-legal custody) and omitting the one aspect of that order that was inconsistent with Michigan law (tie-breaking authority).[1]

### III. CONCLUSION

A Georgia court granted "joint" legal custody of the child to the parties. We conclude that the Georgia court meant what it plainly said. When asked by defendant to modify the Georgia order to grant her sole-legal custody, the circuit court instead modified legal custody to be joint

---

[1] In passing, defendant contends that the circuit court did not consider whether there was proper cause or a change in circumstances to warrant modifying the Georgia order for the best interests of the child under MCL 722.27(1)(c). Notwithstanding that the circuit court had the authority to modify the Georgia order as an initial custody determination under MCL 722.1203(b), defendant has not developed how the Child Custody Act, MCL 722.21 *et seq*., interacts with the UCCJEA under these circumstances. In any event, such cause existed as a matter of law because a "tie-breaker" provision is inconsistent with Michigan law.

without a parental tie-breaker, so as to conform as close as possible to the Georgia order as well as Michigan law.  In doing so, the circuit court did not err.

Affirmed.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Christopher P. Yates