*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRYSTAL LEDUKE, Personal Representative of the
ESTATE OF BRANDON DAVID CHAMBERS,

       Plaintiff-Appellee,

v

CITY OF SOUTH HAVEN,

       Defendant-Appellant,

and

KATE HOSIER and WILLIAM BRENNER,

       Defendants.

UNPUBLISHED
September 17, 2025
10:54 AM

No. 371030
Van Buren Circuit Court
LC No. 2022-072271-NO

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In this appeal raising the issue of governmental immunity, defendant, the City of South Haven ("the City"),[1] appeals as of right the order denying its motion for summary disposition under MCR 2.116(C)(7) (claim barred by governmental immunity) and (10) (no genuine issue of material fact). We reverse and remand for the trial court to enter an order granting summary disposition to the City.

## I. BACKGROUND AND PROCEDURAL HISTORY

The City operates and manages several beaches, including South Beach, which is situated along the coast of Lake Michigan. In September 2020, plaintiff's decedent drowned while swimming along South Beach. Plaintiff filed suit, asserting, in relevant part, premises-liability and negligence claims against the City. Plaintiff pleaded in avoidance of governmental immunity under the proprietary function exemption, arguing the City operated its beaches for a profit and

---

[1] Defendants Kate Hosier and William Brenner are not parties to this appeal.

was therefore not entitled to immunity in this case. Plaintiff highlighted the fact that the City comingled the money it earned from the beach (the "beach funds") in a general account and presented an expert witness who testified that several unidentified transfers in the general account had no basis and were evidence of the City's intent to profit from its beaches.

The City moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that its operation of South Beach was a government function, and, thus, governmental immunity applied. It argued the proprietary function exception did not apply, because its operation of its beaches was self-sustaining and its primary purpose for operating the beaches was not to create a profit. The trial court denied the motion, relying heavily on the expert's testimony in finding that a genuine issue of material fact existed as to whether the City was using its beaches for profit. The trial court denied the City's motion for reconsideration. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood*, 504 Mich 152, 159; 934 NW2d 665 (2019). Under MCR 2.116(C)(7):

> [A] motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law. When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

"Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).[2]

## III. ANALYSIS

The City argues that trial court erred by denying its motion for summary disposition because there was no question of fact that the proprietary function exception to governmental immunity did not apply. We agree.

---

[2] While the City moved for summary disposition under MCR 2.116(C)(7) and (10), the parties' arguments below all concerned whether the City was immune from suit. Thus, we consider this issue under MCR 2.116(C)(7).

Under the Michigan governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, a governmental agency is generally immune from tort liability "if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). One of the exceptions to this immunity is the proprietary function exception, which provides:

> The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the governmental agency for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965. [MCL 691.1413.]

"Therefore, to be a proprietary function, an activity: (1) must be conducted primarily for the purpose of producing a pecuniary profit; and (2) it cannot be normally supported by taxes and fees." *Herman v Detroit*, 261 Mich App 141, 145; 680 NW2d 71 (2004) (quotation marks and citation omitted). At issue in this case is the first prong: whether the City primarily operated its beaches for the purpose of producing a pecuniary profit.

When determining whether a governmental agency's primary purpose is to produce pecuniary profit, courts should consider (1) whether profit is actually generated, and (2) where the profit is deposited and how it is spent. *Coleman v Kootsillas*, 456 Mich 615, 621; 575 NW2d 527 (1998). Regarding the second consideration, our Supreme Court has explained:

> If the profit is deposited in the governmental agency's general fund or used to finance unrelated functions, this could indicate that the activity at issue was intended to be a general revenue-raising device. If the revenue is used only to pay current and long-range expenses involved in operating the activity, this could indicate that the primary purpose of the activity was not to produce a pecuniary profit. [*Id*. at 621-622, quoting *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 259; 393 NW2d 847 (1986).]

This Court has clarified that "[w]hether an activity is proprietary does not depend on whether the activity actually generates a profit, although the existence of a profit is relevant to the intent of the governmental entity." *Harris v Univ of Mich Bd of Regents*, 219 Mich App 679, 690; 558 NW2d 225 (1996). But governmental entities should not be penalized for their "legitimate desire to conduct an activity on a self-sustaining basis." *Hyde*, 426 Mich at 259.

The City's finance director and tax assessor testified that, while the beach fund was deposited into the City's general fund and the City's beaches had consistently generated a profit between 2017 and 2021, the beaches were not operated for profit and the beach fund was not used to fund any other capital improvements, expenses, or operations for the City. It was a "self-sustaining" entity and was not supported by taxes. If, at the end of the fiscal year, there was a profit generated by the beach funds, the entire profit would stay in the beach fund and be rolled over into the next fiscal year. Although beach funds were admittedly used to pay administrative

fees, motor pool expenses, and police department fees, these payments were for work or expenses associated with beach operation. The City used a specialized financial software to keep track of the beach funds within the general funds, and no experts could identify any nonbeach-related transfers when reviewing the City's accounting records. This evidence is sufficient to establish that the beaches were not operated for the primary purpose of generating a profit.

In denying the City's motion for summary disposition, the trial court found that the affidavit and testimony of plaintiff's expert forensic accountant sufficed to create a question of fact regarding the primary purpose of operating the City's beaches. Plaintiff's expert questioned several transfers and fees detailed in the City's financial records, claiming that they were subjective in nature or that it was unclear what the funds were used for. On the basis of these transfers, as well as other fees, advertising expenditures, and the lack of expenses associated with beach safety, plaintiff's expert concluded that the City's primary purpose for operating its beaches was for profit.

When later asked about his conclusions, plaintiff's expert admitted he did not have enough information to definitively determine that the beach funds were used for nonbeach purposes. The expert was simply unsure whether the fees and transfers were related to the beach operations because he was unable to review any documentation explaining their purpose. Furthermore, the City's finance director and tax assessor explained the purpose of many of the questioned transfers, all of which were related to the operation of the beaches. But plaintiff's expert disregarded the finance director's testimony because he could not "verify" her claims. Most importantly, plaintiff presented *no evidence*—aside from the expert's speculative opinion—demonstrating that beach funds were actually included in the questioned transfers or that the funds were actually used for nonbeach purposes. This is unlike *Dextrom*, 287 Mich App at 423-424, where there was concrete evidence that a landfill's profits were used to fund nonlandfill-related projects. Because "mere conjecture or speculation is insufficient[]" to create a genuine issue of material fact, *McNeill-Marks*, 316 Mich App at 16, and there was no evidence showing that beach funds were actually used to fund unrelated activities, expenses, or projects, the trial court erred by denying the City's motion for summary disposition.[3]

We reverse and remand for the trial court to enter an order granting the City's motion for summary disposition. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[3] Because the trial court erred in denying the City's motion in the first instance, we need not address the City's other argument on appeal regarding whether the trial court erred in denying its motion for reconsideration.