*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN TAYLOR PARKS,

        Plaintiff-Appellant,

v

PRO CARPENTRY, LLC., and ROSS WESLEY PRINGLE,

        Defendants-Appellees,

and

MJC COMPANIES, MJC HOMES, INC., MJC CONSTRUCTION, INC., MJC CONSTRUCTION MANAGEMENT, INC., and GR MEADOWBROOK, LLC,

        Defendants.

UNPUBLISHED
February 18, 2025
9:54 AM

No. 366945
Oakland Circuit Court
LC No. 2023-198070-NO

Before: YOUNG, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Plaintiff, John Taylor Parks, fell approximately 25 feet to the ground while working for his employer, defendant Pro Carpentry, L.L.C. (Pro Carpentry). At the time that he fell, Parks was working on a makeshift platform that consisted of unsecured loose sheets of plywood, and he had not been provided safety equipment. He filed this action against Pro Carpentry and defendant Ross Wesley Pringle (collectively "defendants"),[1] alleging the intentional-tort exception to the exclusive-remedy provision of the Worker's Disability Compensation Act (WDCA), MCL

---

[1] Only Parks's claim against Pro Carpentry and Pringle is at issue in this appeal.



418.101 *et seq.* He appeals by leave granted[2] the trial court's order granting summary disposition in defendants' favor under MCR 2.116(C)(8). We conclude that Parks's complaint sufficiently stated a claim under the intentional-tort exception to the WDCA's exclusive-remedy provision. We therefore reverse the trial court's order and remand for further proceedings.

## I. BACKGROUND AND PROCEEDINGS

Parks worked as a "rough carpenter" for Pro Carpentry. His job duties required him to measure, cut, and carry large sheets of plywood to and from various locations on the second-story roof of an apartment building under construction. Parks was new and inexperienced at the job and worked under Pringle's supervision on the day of the incident. To reach the second-story roof, Pringle directed Parks to stand on a "work platform" assembled using loose sheets of plywood stacked on the forks of a "SkyTrak." A SkyTrak is a brand of telehandler, which is similar to a forklift, but it can be extended some distance upward.[3] The SkyTrak at issue in this case was likely similar, although perhaps not exact, to that pictured below. We provide the following image merely to give the reader a general idea of the equipment used in this case for those unfamiliar with it.

According to Parks's complaint, Pringle directed him to stand on the unsecured stack of plywood sheets situated on the forks of the SkyTrak. Pringle then lifted the makeshift platform and Parks to the second-story roof, where Parks worked from the platform. Defendants did not provide Parks with any safety equipment or safety training, including fall protection. After working for several hours, an unsecured plywood sheet on which Parks stood shifted, causing

---

[2] *John Taylor Parks v Pro Carpentry, LLC*, unpublished order of the Court of Appeals, entered December 27, 2023 (Docket No. 366945).

[3] See SkyTrak Telehandlers, *JLG* <https://www.jlg.com/en/equipment/telehandlers/skytrak-telehandlers> (accessed January 31, 2025).

Parks to fall approximately 25 feet to the ground. Parks was seriously injured as a result of his fall.

Parks filed this action against defendants, alleging the intentional-tort exception to the exclusive-remedy provision of the WDCA. Defendants moved for summary disposition under MCR 2.116(C)(8), arguing that Parks failed to allege sufficient facts to constitute an intentional tort for purposes of the intentional-tort exception. Defendants maintained that Parks alleged mere conclusions unsupported by factual allegations. Parks opposed defendants' motion, arguing that he alleged sufficient factual allegations in his complaint. He asserted that his complaint alleged that defendants knew that he would inevitably be injured as a result of their willful disregard of safety precautions, including Michigan Occupational Safety and Health Administration (MIOSHA) standards, and that defendants intended for injury to occur.

The trial court granted defendants' motion. The court determined that Parks's allegations failed to show that defendants "specifically intended an injury" or "had actual knowledge that an injury was certain to occur." Parks now appeals the trial court's decision.

## II. STANDARD OF REVIEW

We review de novo the trial court's decision on a motion for summary disposition. *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 333; 901 NW2d 566 (2017). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019) (emphasis omitted). When considering a motion under MCR 2.116(C)(8), the trial court accepts all factual allegations as true and decides the motion on the basis of the pleadings alone. MCR 2.116(G)(5); *El-Khalil*, 504 Mich at 160. A motion under MCR 2.116(C)(8) is properly granted only when "a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

"Michigan is a traditional notice-pleading jurisdiction with a relatively low bar for the sufficiency of initial allegations, particularly because parties generally will not yet have the benefit of discovery." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). The primary function of a complaint is to provide the opposing party with notice of the nature of a claim. *Id*. at 230. Conclusory statements unsupported by factual allegations, however, are insufficient to state a cause of action. *Varela v Spanski*, 329 Mich App 58, 79; 941 NW2d 60 (2019). A "cause of action must be supported by factual assertions." *Wolfenbarger v Wright*, 336 Mich App 1, 16; 969 NW2d 518 (2021).

## III. THE INTENTIONAL-TORT EXCEPTION

Generally, the WDCA provides an employee's exclusive remedy against an employer for a work-related injury. *Luce v Kent Foundry Co*, 316 Mich App 27, 32; 890 NW2d 908 (2016). The sole exception to this general rule occurs when "an employee can prove that the employer committed an intentional tort." *Johnson v Detroit Edison Co*, 288 Mich App 688, 696; 795 NW2d 161 (2010). An intentional tort in this context "is not synonymous with . . . a classic intentional tort." *Id*. "Rather, MCL 418.131(1) sets forth the burden of proof a plaintiff must meet." *Id*. That provision states, in relevant part:

The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. *An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.* [Emphasis added.]

An employee can establish that an employer "specifically intended an injury" through either direct or circumstantial evidence. *Bagby v Detroit Edison Co*, 308 Mich App 488, 491; 865 NW2d 59 (2014). The employee can provide direct evidence of a specific intent to injure if he can show that the employer "had the particular purpose of inflicting an injury upon his employee." *Travis v Dreis & Krump Mfg Co*, 453 Mich 149, 172; 551 NW2d 132 (1996) (opinion by BOYLE, J.) Alternatively, an employee can establish an employer's intent to injure through circumstantial evidence by showing that "the employer has actual knowledge that an injury is certain to occur, yet disregards that knowledge." *Bagby*, 308 Mich App at 491 (quotation marks and citation omitted). "An injury is certain to occur if there is no doubt that it will occur . . ." *Herman v Detroit*, 261 Mich App 141, 148; 680 NW2d 71 (2004). "Constructive, implied, or imputed knowledge does not satisfy th[e] actual knowledge requirement," and "an employer's knowledge of general risks is insufficient to establish an intentional tort." *Id*. at 492 (quotation marks, brackets, and citation omitted). In addition, the odds that an injury will occur are insufficient to prove certainty, and whether something has or has not occurred previously is likewise insufficient. *Travis*, 453 Mich at 174. Finally, an employee cannot establish certainty by relying on experts' conclusory statements. *Id*.

IV. ANALYSIS

Parks's complaint sufficiently alleged an intentional tort within the meaning of the WDCA. Parks alleged that Pringle directed him to stand on and use the makeshift platform as a work platform at the height of, approximately, 25 feet above the ground. He alleged that the platform was comprised of sheets of plywood that were stacked on top of one another and not secured. He also alleged that defendants "ordered" him to work without safety equipment, including fall-protection equipment, and that defendants did not train him regarding safety procedures. Further, Parks alleged that Pringle set up the platform, operated the SkyTrak, and forced him to continue working on the platform, which became increasingly unstable and dangerous over time and which defendants knew would result in him falling 25 feet to the ground. Finally, Parks alleged that defendants knew that Parks's injuries were certain to occur, they willfully disregarded that knowledge, and they deliberately refrained from informing him "regarding the provision and implementation of the requisite fall protection so that he would be able to implement the same in order to prevent injury to himself . . ."

Parks's allegations were sufficient to claim that defendants "had actual knowledge that an injury was certain to occur" and that defendants "willfully disregarded that knowledge" as stated in MCL 418.131. The trial court granted defendants' motion for summary disposition on the basis that Parks's factual allegations failed to show that defendants specifically intended an injury and failed to show that defendants had actual knowledge that an injury was certain to occur. Although

a complaint that contains mere conclusory statements unsupported by factual allegations will not survive a motion for summary disposition under MCR 2.116(C)(8), *Varela*, 329 Mich App at 79, Parks's complaint was not defective in that regard. As previously stated, he alleged that defendants ordered him to work without safety equipment, including fall-prevention equipment. He alleged that Pringle set up the makeshift platform and operated the SkyTrak, including lifting Parks from ground level to the second-story roofline level. He also alleged that Pringle forced him to continue working notwithstanding that the platform became increasingly unstable and dangerous over time. Thus, Parks's complaint was not devoid of factual allegations that supported his theory of recovery.

Moreover, at this stage of the proceeding, the trial court was required to accept Parks's factual allegations in his complaint as true, and summary disposition under MCR 2.116(C)(8) was appropriate only if "no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160. Because Parks's allegations, if ultimately proven, were sufficient to justify recovery, the trial court erred by granting defendants' motion for summary disposition.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace